UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01473-JRS-MG |
| ) | |
| MYLA ELDRIDGE, ) | |
| ) | |
| Defendant. ) | |

**Order Dismissing Second Amended Complaint
and Denying Pending Motions**

Plaintiff James Stephens is a prisoner currently incarcerated at Putnamville Correctional Facility. Because the plaintiff is a "prisoner," this Court has an obligation to screen the second amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

Courts also "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* The Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

*Id.* at 513 (internal footnote omitted). Further, the Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

## II. The Second Amended Complaint

The sole defendant in this action is Myla Eldridge, the clerk of the Circuit Court of Marion County. Dkt. 28. Mr. Stephens sues Ms. Eldridge in her individual and official capacities. *Id.* On March 12, 2021, an evidentiary hearing was held on Mr. Stephens' successive petition for post-conviction relief in state cause No. 49G04-9805-PC-076033. Mr. Stephens asserts that the judge failed to enter a ruling within 90 days, after taking the matter under advisement, and on August 31, 2021, Mr. Stephens filed a praecipe for withdrawal of submission directed to Myla Eldridge. *Id.* at 2-3.

Mr. Stephens alleges that Ms. Eldridge was acting "outside the scope of her employment, when she willfully and wantonly, was negligent and breached her duty pursuant to Indiana Trial

Rule 53.1(E)[1] to promptly forward the praecipe and copy of the chronological case summary to the Executive Director/Chief Administrative Officer of the Indiana Office of Judicial Administration." *Id.* at 3. Mr. Stephens states that the Executive Director/Chief Administrative Officer is the official to make a determination on his verified petition of whether or not a ruling was delayed beyond the timeframe set forth under Indiana Trial Rule 53.2(A). *Id.* Mr. Stephens alleges that "under color of state law" Ms. Eldridge violated his Fourteenth Amendment right to have the Executive Director/Chief Administrative Officer make this ruling. *Id.* He contends that Ms. Eldridge gave the motion to "a judge, who had no authority to review it," and denied him equal protection "because he is indigent and proceeding pro se." *Id.* at 4. He claims that "Members of the Indiana bar, Attorney's of Marion County have their praecipe for withdrawal of submission, filed with the clerk of Marion County, Myla A. Eldridge, and then she forwards the praecipe and a copy of the chronological case summary to the Chief Administrative Officer to make a filing on the motion." *Id.*

On October 12, 2021, Mr. Stephens wrote a letter to Ms. Eldridge to explain why he was sending her a second praecipe for withdrawal of submission. *Id.* at 4. Again, he alleges Ms. Eldridge gave the motion to the judge. *Id.* Mr. Stephens states that Ms. Eldridge routed his two praecipes for withdrawal of submission to Judge Cynthia L. Oetjen. Dkt. 28 at 4. It appears that Judge Oetjen presided over Mr. Stephens' post-conviction relief in 2021. Included in Mr. Stephens' second amended complaint is a file stamped copy of his praecipe for withdrawal of

---

[1] Indiana R. Civ. P. 53.1(E) provides that: "Upon the filing by an interested party of a praecipe specifically designating the motion or decision delayed, the Clerk of the court shall enter the date and time of the filing in the Clerk's praecipe book, record the filing in the Chronological Case Summary under the cause, and promptly forward the praecipe and a copy of the Chronological Case Summary to the Executive Director of the Division of the State Court Administration (Executive Director). The Executive Director shall determine whether or not a ruling has been delayed beyond the time limitation set forth under Trial Rule 53.1 or 53.2."

submission, filed stamped August 31, 2021, at 6:41 AM by the Marion County clerk. *Id.* at 13. The file stamped copy includes a comment by Judge Oetjen dated September 14, 2021: "The Court has reviewed this document and determined it is in the interest of judicial efficiency to rule on the issue by November 30, 2021." *Id.*

Mr. Stephens asserts that Ms. Eldridge, on two separate occasions, "was negligent and breached her duty," violated his constitutional rights, intentionally interfered with his access to courts, and denied him the appointment of a special judge by the Indiana Supreme Court to rule on his successive post-conviction relief petition. *Id.* at 6-8.

Mr. Stephens seeks $700,000 in damages for negligence, emotional and mental anguish, and pain and suffering. *Id.* at 6. He seeks two million dollars for violation of his constitutional rights and Indiana law. *Id.* at 10.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the second amended complaint, the complaint must be **dismissed for failure to state a claim upon which relief may be granted.**

First, Mr. Stephens' second amended complaint fails to state a claim upon which relief may be granted against the defendant. This is because " court employees and clerks enjoy quasi-judicial immunity under [42 U.S.C.] § 1983 when performing non-discretionary or administrative tasks at the direction of a judicial officer, or acts that are integral to the judicial process." *Wilder v. Harris*, No. 1:23-CV-328-HAB-SLC, 2023 WL 4998569, at *1 (N.D. Ind. Aug. 3, 2023); *see also Zoretic v. Darge*, 832 F.3d 639, 643 (7th Cir. 2016); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (absolute immunity is necessary to protect "the judicial process from the harassment and intimidation associated with litigation."); *Butler v. Wisconsin*, 2022 WL 18025224 (E.D. Wis., Dec. 30, 2022) (court clerks are immune from suit when performing functions intimately entwined with

4

the judicial process). As the Clerk of the Marion County Circuit Court, the defendant's official duties include docketing and uploading documents filed with the court. *See generally, e.g.*, Ind. Code § 33-32-3-1. Here, Ms. Eldridge is entitled to quasi-judicial immunity as her docketing of Mr. Stephens' filing is a function integral to the judicial process.

Further no violation of federal law has been alleged. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Mr. Stephens' filing was considered by a state court judicial officer, who held that the state court would rule on the issue within 90 days of Mr. Stephens' filing. Accordingly, there is no plausible basis for Mr. Stephens to allege a violation of the United States Constitution or to recover money damages through a § 1983 claim against Ms. Eldridge.

Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

Mr. Stephens' second amended complaint is **dismissed** for failure to assert sufficient facts to support federal jurisdiction and for failure to state a claim upon which this federal court may grant relief.

The plaintiff shall have **through March 5, 2024,** in which to show cause why judgment consistent with this Order should not enter. Failure to respond to this Order will result in the dismissal of the federal claims alleged in this action for the reasons discussed, without further notice. The state law claims will be remanded to Marion County Superior Court, *Stephens v. Eldridge*, cause No. 49D02-2206-MI-022795. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to

show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

## IV. Pending Motions

The Court has screened and dismissed the federal claims alleged in Mr. Stephens' second amended complaint as set forth above. Accordingly, Mr. Stephens' motion for clerk's entry of default, dkt. [29], motion for default judgment, dkt. [31], and motion to strike declaration, dkt. [34], are **DENIED**. The defendants' motion to strike Mr. Stephens' submission of supplemental authority, dkt. [39], is **DENIED AS MOOT.**

SO ORDERED.

Date: 02/05/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES STEPHENS
996056
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov